IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMON MICKIANGELO BERRY III,<br><br>          Plaintiff,<br><br>  v.<br><br>MICHAEL S. EVANS, Warden,<br><br>          Defendants. | No. C 06-3795 MMC (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OR TO SHOW CAUSE RE: UNSERVED DEFENDANTS** |

On June 16, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against Warden M.S. Evans, Chief Dental Officer John Adamo, Health Care Manager Charles D. Lee, Medical Doctor Andrew Wong, Medical Technical Attendant A. Johnson, and Medical Technical Attendant J. Armstrong, all SVSP officials. Plaintiff has paid the filing fee.

**DISCUSSION**

A.    <u>Review Pursuant to 28 U.S.C. § 1915A</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v.</u>

1  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.
2  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
3  Constitution or laws of the United States was violated, and (2) that the alleged violation was
4  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,
5  48 (1988).

Having reviewed the complaint, the Court finds cognizable the claims therein that defendants were deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

B.   Service

As plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or the officers of the court for service.  Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).  On September 6, 2006, plaintiff filed a declaration by his wife, Theresia I. Berry ("Berry"), stating that she had "served" all of the defendants "pursuant to F.R.C.P., Rule 5(b)."  (Decl. Berry at 1.)  Specifically, Berry states she served defendants with the "complaint at issue through the United States Mail Registered Return Receipt," and she attaches copies of the signed receipt cards.  (Id. at ¶ 4 & Ex. A.)  Rule 5(b) of the Federal Rules of Civil Procedure does not govern service of the complaint, however.  Service of the complaint is governed by Rule 4, which requires service of both the summons and the complaint.  See Fed. R. Civ. P. 4(c)(1).  Defendants have not appeared in this action, and there is no indication in any of the papers filed herein that defendants have been served with the summons and complaint in accordance with the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  As the complaint in this matter has been pending for over 120 days, and service upon defendants has not been effectuated, plaintiff must show cause why the

2

```
```

complaint should not be dismissed without prejudice pursuant to Rule 4(m).  See, e.g., Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding dismissal of defendant under former version of Rule 4(m) appropriate where incarcerated plaintiff, proceeding pro se, failed to he provided Marshal with sufficient information to serve defendant or to show he had in fact requested that defendant be served).

**CONCLUSION**

Within **thirty (30) days** of the date this order is filed, plaintiff shall either provide the Court with proof that defendants have been properly served with the summons and complaint in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: December 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge

3