```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| WAYMON MICKIANGELO BERRY III, | No. C 06-3795 MMC (PR) |
| Plaintiff, | **ORDER GRANTING EXTENSION OF TIME TO FILE PROOF OF SERVICE; DENYING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT** |
| v. | |
| MICHAEL S. EVANS, Warden, | |
| Defendants. | (Docket Nos. 10 & 14) |

On June 16, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against Warden M.S. Evans, Chief Dental Officer John Adamo, Health Care Manager Charles D. Lee, Medical Technical Attendant A. Johnson, Medical Technical Attendant J. Armstrong, and Medical Doctor Andrew Wong ("Dr. Wong"), all SVSP officials.

On December 11, 2006, the Court ordered plaintiff to "provide the Court with proof that defendants had been properly served with the summons and complaint in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." On January 5, 2007, plaintiff was granted a 30-day extension of time in which to file proof that defendants have been properly served, and cautioned that his "[f]ailure to do so will result in the dismissal of this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure."

On January 24, 2007, plaintiff filed a declaration by Efren Saldivar ("Saldivar"),

another inmate, stating that he had "served" the defendants with the summons, the complaint, and the December 11, 2006 and January 5, 2007 Orders in this matter by mailing said documents to the defendants at SVSP on January 21, 2007. Mailing the summons and complaint, as well as the two court orders, to defendants does not comply with the Federal Rules of Civil Procedure for service of process. Pursuant to Rule 4(e), service of process upon individuals must be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which the service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff does not allege that he served defendants in person, or by any of the methods described in Rule 4(e)(2). His attempt to serve defendants by mail thus falls under Rule 4(e)(1), and as such, is governed by California law. Under California law, in order to effectuate service of process by mail, a plaintiff must mail the defendant a copy of the summons and complaint, two copies of a notice and acknowledgment of receipt form, and a return envelope, postage prepaid, addressed to the sender. See Cal. Code. Civ. Proc. § 415.30(a). Here, according to Saldivar's declaration, defendants were mailed the summons and complaint, but there is no indication, either in Saldivar's declaration or elsewhere in the file, that defendants were ever mailed the notice and acknowledgment of receipt forms and prepaid return envelopes, as required by California law, let alone that any such form was signed and returned by any defendant. Thus, plaintiff's purported service by mail does not accord with California law or with Rule 4(e)(1) of the Federal Rules of Civil Procedure.

Although plaintiff has not shown good cause for his failure to properly serve the defendants in accordance with the Federal Rules, he will be given, in light of plaintiff's incarcerated and pro se status, one more opportunity to properly serve the defendants before facing dismissal pursuant to Rule 4(m). Accordingly, within 30 days of the date this order is

filed, plaintiff shall provide the Court with proof that defendants have been properly served in accordance with the Federal Rules of Civil Procedure.  <u>Failure to do so will result in the dismissal of this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

On February 20, 2007, plaintiff filed a document in which he states an SVSP official has notified him that one of the defendants, Dr. Wong, has retired from the prison system, and that neither such official nor the Attorney General has responded to his requests for Dr. Wong's current address.  Plaintiff now requests that the other defendants and the Attorney General either accept service on behalf of Dr. Wong or provide plaintiff with Dr. Wong's current address.  Plaintiff has provided no authority, and the Court is aware of none, that either another defendant or the Attorney General has an obligation to provide plaintiff with Dr. Wong's current address, even if they were in possession of such information.  Accordingly, such request is hereby DENIED.

Lastly, plaintiff, on March 8, 2007, filed a motion for entry of default against five defendants, and, on April 30, 2007, a motion for entry of default judgment.  On March 13, 2007, the Clerk filed a declination to enter default judgment as to three of said defendants but made no reference to the other two defendants.  As defendants have not been properly served, plaintiff's March 8, 2007 request for entry of default, to the extent such request is still outstanding as to two defendants, and plaintiff's April 30, 2007 request for default judgment are hereby DENIED.

This order terminates Docket Nos. 10 and 14.

IT IS SO ORDERED.

DATED: May 8, 2007

_____
MAXINE M. CHESNEY
United States District Judge