United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMON MICKIANGELO BERRY III, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL S. EVANS, Warden, ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 06-3795 MMC (PR) <br> **ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; GRANTING MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT DR. ANDREW WONG** <br><br> (Docket No. 19) |

On June 16, 2006, plaintiff, a California prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against Warden M.S. Evans ("Evans"), Chief Dental Officer John Adamo ("Adamo"), Health Care Manager Charles D. Lee ("Lee"), Medical Technical Attendant A. Johnson ("Johnson"), Medical Technical Attendant J. Armstrong ("Armstrong"), and Medical Doctor Andrew Wong ("Dr. Wong"), all SVSP officials. On May 8, 2007, the Court granted plaintiff an extension of time in which to file proof that defendants had been properly served. Now before the Court is plaintiff's motion, filed May 18, 2007, to voluntarily dismiss defendant Dr. Wong from the instant action. Good cause appearing, plaintiff's motion is GRANTED. See Fed. R. Civ. P. 41(a).

In addition, on May 24, 2007, plaintiff filed a declaration by Theresia I. Berry ("Berry") stating that on May 23, 2007, she served the remaining five defendants: Evans, Adamo, Lee, Johnson and Armstrong. On June 7, 2007, those defendants, with the exception

of Johnson, collectively filed an answer.[1]

Accordingly, the Court hereby orders as follows:

1. The complaint is hereby DISMISSED as to defendant Dr. Andrew Wong.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above. If defendants are of the opinion that no such motion is appropriate, defendants shall file in lieu thereof, and within **ninety (90) days** of the date of this order, a notice informing the Court of such determination.

    a. If defendants elect to file a motion to dismiss on the ground plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under

---

[1] The papers filed herein do not indicate why Johnson is not included in the answer filed by the other defendants, who, like Johnson, are SVSP employees. It appears from Berry's declaration of May 24, 2007, and the attachments thereto, that plaintiff served Johnson along with the other defendants. In conjunction with the dispositive motion or alternative notice referenced below, the California Attorney General shall advise the Court as to the reason why Johnson was not included in the answer filed by the other defendants, and, in particular, provide any information he may have suggesting service was not effectuated on said defendant. If plaintiff chooses to do so, plaintiff may submit further documentation demonstrating that Johnson was properly served, including copies of the notice and acknowledgment of receipt forms referenced in Berry's declaration.

Rule 12(b), plaintiff is hereby cautioned as follows:[2]

 The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

 b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

 The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
 Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of

---

 [2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 19.

IT IS SO ORDERED.

DATED: June 14, 2007

_____
MAXINE M. CHESNEY
United States District Judge