1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   WAYMON MICKIANGELO BERRY, III, )   No. C 06-3795 MMC (PR)
                                      )
13          Plaintiff,                )   **ORDER DENYING DEFENDANTS'**
                                      )   **MOTION FOR SUMMARY JUDGMENT;**
14     v.                             )   **DENYING WITHOUT PREJUDICE**
                                      )   **PLAINTIFF'S CROSS-MOTION FOR**
15   MICHAEL S. EVANS, Warden, et al., )   **SUMMARY JUDGMENT; DIRECTING**
                                      )   **PLAINTIFF TO SERVE DEFENDANT**
16          Defendants.               )   **JOHNSON**
     _____ )
17                                        **(Docket No. 31)**

18          On June 16, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State

19   Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42

20   U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by SVSP prison

21   officials in 2005.  Now before the Court is the motion for summary judgment, filed

22   August 21, 2007, by defendants Michael S. Evans, John Adams, Charles D. Lee, and J.

23   Armstrong; plaintiff has filed opposition, to which defendants have replied.  Also before the

24   Court is plaintiff's cross-motion for summary judgment, filed September 6, 2007; defendants

25   have filed opposition, to which plaintiff has replied.

26   //

27   //

28   //

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

**BACKGROUND**[1]

On Tuesday, January 18, 2005,[2] at approximately 6:30 p.m., plaintiff, who was at that time in his cell, fractured his right lower molar tooth on an unidentified hard object while eating a piece of meat. (Compl. ¶ 22.) The fracture at once caused plaintiff to suffer extreme and sustained pain in his mouth and to the right side of his face. (Id.) Plaintiff immediately contacted Correctional Officer Bradshaw ("Bradshaw"), the Building 3 Floor Officer, and informed Bradshaw of the injury and plaintiff's need for immediate medical treatment. After calling the Facility A clinic, Bradshaw informed plaintiff that medical staff were on their way to Building 3 to issue routine medications to inmates and would see plaintiff at that time. (Compl. ¶ 23.)

When a nurse arrived at plaintiff's cell, plaintiff explained the nature of his injury; the nurse told plaintiff to fill out a sick-call slip, which she said she would pick up at 8:00 p.m. when passing out the evening medication. Plaintiff attempted to protest that he was experiencing excruciating pain, but the nurse ignored him. Plaintiff asked other inmates to provide him with ibuprofen to alleviate the pain. (Compl. ¶ 24.)

At approximately 9:00 p.m., the nurse returned but, despite plaintiff's protestations of pain and suffering, bypassed plaintiff's cell. Plaintiff called out to defendant A. Johnson ("Johnson"), a Medical Technical Assistant ("MTA") who was accompanying the nurse, but Johnson refused to pick up plaintiff's sick-call slip, instead shouting to plaintiff to "Take care of it tomorrow!" (Compl. ¶ 25.)

Plaintiff made additional complaints to Bradshaw, who told plaintiff that if medical personnel refused to provide plaintiff with medical attention, there was nothing Bradshaw could do. (Compl. ¶ 26.)

At approximately 10:15 p.m., plaintiff called out to Correctional Officer Maldonado

---

[1]The following facts are undisputed and are derived from plaintiff's verified complaint and the parties' exhibits. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (verified complaint may be used as opposing affidavit under Rule 56 if based on personal knowledge and sets forth specific facts admissible in evidence).

[2]All events referenced in this order took place in 2005, unless otherwise noted.

United States District Court

For the Northern District of California

1   ("Maldonado"), and told Maldonado about his injury.  Maldonado told plaintiff that the nurse

2   in the prison's emergency room would not come to Facility A to treat a tooth, and there was

3   nothing Maldonado could do.  Maldonado advised plaintiff to tough it out until the following

4   day.  Plaintiff stayed up all night in excruciating pain.  (Compl. ¶ 27.)

5        The next day, January 19, plaintiff was informed by the correctional officers in his

6   building that there was no dentist available to see plaintiff, and that plaintiff would have to

7   tough it out.  (Compl. ¶ 28.)

8        When plaintiff still had not seen a dentist or physician by January 23, plaintiff told

9   correctional officers Galloway and Mendoza that he could no longer tolerate the pain he had

10  been enduring and needed to see someone immediately.  Galloway called the Facility A

11  clinic and was told there was no dentist available to see plaintiff; instead, plaintiff was

12  referred to Dr. Wong.  When plaintiff arrived at the clinic, Dr. Wong stated he did not need

13  to examine plaintiff because he was not a dentist and that the only thing he could do for

14  plaintiff would be to prescribe ibuprofen.  When plaintiff protested that he was in pain and

15  was suffering, Dr. Wong told plaintiff that someone might be able to see him on Monday,

16  January 25.  (Compl. ¶ 29.)

17       Plaintiff also asked defendant J. Armstrong ("Armstrong"), an MTA, to provide

18  plaintiff with access to dental care for his fractured tooth, but Armstrong told plaintiff there

19  was nothing Armstrong could do.  On Saturday and Sunday, January 23 and 24, plaintiff

20  begged Armstrong to assist him, and attempted to hand Armstrong an emergency medical

21  appeal to see a dentist.  Armstrong refused to take the appeal, would not help plaintiff gain

22  access to a dentist, and would only provide plaintiff with more ibuprofen after being directed

23  to do so by Correctional Sgt. M. Gomez, who had informed plaintiff there was nothing

24  Gomez could do to help him.  (Compl. ¶ 30.)

25       On January 25, during afternoon pill call, plaintiff was able to talk to Correctional Lt.

26  Binkele ("Binkele"), and explain to him plaintiff's extreme suffering.  Binkele then escorted

27  plaintiff to the Facility A clinic, where Binkele spoke to Dr. Robinson, the dentist at the

28  clinic.  Despite Dr. Robinson's protestations that he was very busy and that plaintiff would

3

1    have to wait, Binkele told Dr. Robinson to see plaintiff next.  (Compl. ¶¶ 31, 32.)

2         Dr. Robinson examined plaintiff and determined that plaintiff had suffered a fractured

3    molar, which appeared to have exposed and caused damage to the nerve, causing the pain to

4    migrate from plaintiff's right jaw to his right ear.  Dr. Robinson told plaintiff there was not

5    enough time to properly attend to the matter; instead, Dr. Robinson cleaned the tooth,

6    injected plaintiff with a painkiller, gave him some ibuprofen, and scheduled him to come

7    back in a few days when there would be sufficient time to treat the injury.  Within a few

8    hours, however, the painkiller wore off and the ibuprofen provided no relief.  Plaintiff, in

9    extreme pain, contacted officer Bradshaw and requested to be seen immediately by Dr.

10   Robinson or another doctor.  Bradshaw called the Facility A clinic, but was told there was no

11   one available to help plaintiff, and that plaintiff might be seen within the next few days.

12   (Compl. ¶ 33.)

13        With Bradshaw's permission, plaintiff then called his wife in Sacramento.  After

14   plaintiff explained to his wife his need for immediate dental care, she called defendant

15   Michael Evans ("Evans"), the SVSP Warden; Evans did not, however, attempt to contact

16   plaintiff or ensure that he was getting dental care.  (Opp. Ex. B (Evans Response to

17   Interrogatories) at 7:5-10.)   Plaintiff's wife also spoke to defendant John Adamo ("Adamo"),

18   the Chief Dental Officer at SVSP, and defendant Charles D. Lee ("Lee"), the Health Care

19   Manager at SVSP, neither of whom took steps to ensure that plaintiff receive emergency

20   dental care.  (Compl. ¶¶ 34-35.)

21        From Tuesday, January 26 through Monday, February 1, plaintiff complained to

22   several correctional officers that he was in extreme pain and had not been able to eat or sleep

23   since January 18.  The correctional officers told plaintiff to "tough it out," as there was

24   nothing they could do to help him.  On February 1, plaintiff was again seen by Dr. Robinson,

25   who determined that plaintiff's tooth had become abscessed and there was a piece of bone

26   lodged under the gum near the tooth.  Dr. Robinson determined that the tooth needed to be

27   extracted immediately, and performed the extraction at that time.  (Compl. ¶¶ 36-37.)

28        On March 10, plaintiff was interviewed by MTA Lauber with respect to plaintiff's

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   inmate appeal, wherein plaintiff complained about the lack of adequate dental care.  Lauber

2   told plaintiff that the reason plaintiff was not promptly seen by a dentist after he injured his

3   tooth was because defendants Evans, Adamo, and Lee had not hired enough dentists to care

4   for the SVSP inmate population, and had not contracted with local dentists to cover

5   emergency situations.  (Compl. ¶ 38.)

6        Plaintiff subsequently filed a state habeas petition in the Superior Court of Monterey

7   County, alleging that the actions of SVSP prison officials in refusing to provide him with

8   prompt dental care amounted to cruel and unusual punishment.  Plaintiff sought equitable

9   relief directing prison officials to comply with their legal obligations and the rules and

10  regulations promulgated by the California Department of Corrections ("CDC") with respect

11  to the provision of dental and medical care.  On May 30, 2006, the Superior Court granted

12  the petition, finding as follows:

13        Prison officials appear to have been lax in adhering to CDC rules by failing to
          provide Petitioner with access to any dental treatment for approximately seven
14        (7) days after his injury, and failing to resolve the matter for eleven (11) days.
          Petitioner's claim of considerable pain suffered from the date of his injury until
15        the date of extraction is consistent with the documentary evidence of his
          complaints to prison staff of severe pain, a swollen left jaw, pain extending
16        through the left ear, and an abscessed tooth.  The Court reminds prison officials
          to follow CDC rules and regulations for the treatment of acute medical
17        conditions.

18  (Compl. Ex. D.)

19                                **DISCUSSION**

20  A.   Legal Standard

21        Summary judgment is proper where the pleadings, discovery, and affidavits show

22  there is "no genuine issue as to any material fact and that the moving party is entitled to

23  judgment as a matter of law."  See Fed. R. Civ. P. 56(c).  Material facts are those that may

24  affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25  (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable

26  jury could return a verdict for the nonmoving party.  See id.

27        The court will grant summary judgment "against a party who fails to make a showing

28  sufficient to establish the existence of an element essential to that party's case, and on which

                                      5

United States District Court

For the Northern District of California

that party will bear the burden of proof at trial[,] . . . since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also

Anderson v. Liberty Lobby, 477 U.S. at 248 (holding fact is material if it might affect

outcome of suit under governing law; further holding dispute about material fact is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party"). The moving party bears the initial burden of identifying those portions of the record

that demonstrate the absence of a genuine issue of material fact. The burden then shifts to

the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the

'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial.'" See Celotex, 477 U.S. at 324 (citing Fed. R.

Civ. P. 56(e)).

For purposes of summary judgment, the court must view the evidence in the light most

favorable to the nonmoving party; if the evidence produced by the moving party conflicts

with evidence produced by the nonmoving party, the court must assume the truth of the

evidence submitted by the nonmoving party. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158

(9th Cir. 1999). The court's function on a summary judgment motion is not to make

credibility determinations or weigh conflicting evidence with respect to a disputed material

fact. See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

1987).

B.     Defendants' Motion for Summary Judgment

Deliberate indifference to a prisoner's serious medical needs violates the Eighth

Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble,

429 U.S. 97, 104 (1976). Dental care is one of the most important medical needs of inmates;

accordingly, the Eighth Amendment requires that prisoners be provided with a system of

ready access to adequate dental care. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1989).

A determination of "deliberate indifference" involves an examination of two elements:

the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. See McGuckin, 974 F.2d at 1060. Deliberate indifference may be manifested when prison officials intentionally deny or delay medical care. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Plaintiff claims defendants were deliberately indifferent to his medical needs by failing to have in place a system for providing meaningful access to dental care in an emergency situation such as the one faced by plaintiff and where his need for immediate dental care was patently obvious. Plaintiff further contends defendants knew or should have known that the level of dental care being provided to plaintiff was constitutionally inadequate, in that they had the ability to ensure that plaintiff, who faced a substantial risk of serious harm from a dental emergency, be cared for promptly, but failed to do so.

Defendants do not dispute that plaintiff suffered from a serious medical need, nor do they dispute plaintiff's description of the course of dental care provided to him. Rather, they argue that plaintiff has not shown they were deliberately indifferent, because (1) he has failed to set forth evidence showing defendants purposefully ignored or failed to treat his abscessed tooth, and (2) the length of the delay at issue herein is insufficient to support a claim for deliberate indifference.

The Court finds plaintiff has raised a triable issue of fact with respect to whether defendants acted with deliberate indifference to his serious medical needs. Specifically, plaintiff has produced evidence, in the form of the allegations in his verified complaint and

attached exhibits, showing defendants knew plaintiff had injured his tooth and was experiencing extreme physical distress as a result thereof, yet failed to act promptly to remedy the situation.  Further, while defendants are correct that, standing alone, delay in providing a prisoner with dental treatment does not constitute an Eighth Amendment violation, see Hunt, 865 F.2d at 200, here, plaintiff has presented evidence that defendants knew or should have known that his injured tooth was causing him severe pain, yet failed to take any action for seven days, or to resolve the situation for eleven days.  Whether defendants unreasonably delayed in providing plaintiff with medical care must include consideration of the nature of the medical need and reason for the delay; taking plaintiff's allegations as true, and construing all evidence in his favor, the Court finds a reasonable inference can be drawn from plaintiff's evidence that, by delaying treatment for his injured tooth, defendants acted with deliberate indifference to plaintiff's serious medical needs.  See id. (reversing grant of summary judgment where prisoner set forth specific facts from which it reasonably could be concluded that prison officials were aware of seriousness of prisoner's dental condition but denied his requests for prompt treatment).  Accordingly, defendants' motion for summary judgment will be denied.

C.    Plaintiff's Cross-Motion for Summary Judgment

Plaintiff has designated his response to defendants' motion for summary judgment as both an opposition and a cross-motion for summary judgment.  In opposing plaintiff's cross-motion for summary judgment, defendants argue said motion should be denied as premature because defendants contest all of the additional facts pled by plaintiff in support thereof, and seek to further develop the evidentiary record through discovery.

Good cause appearing, the Court will deny plaintiff's cross-motion for summary judgment without prejudice, and will set a schedule for the filing and briefing of a renewed motion, as set forth below.  See Fed. R. Civ. P. 56(f) (providing court may deny motion for summary judgment or order continuance to permit discovery where party opposing motion cannot present facts essential to opposition).

D.    Defendant Johnson

8

United States District Court

For the Northern District of California

1    The complaint in this matter is proceeding against defendants Evans, Adamo, Lee,

2   Johnson and Armstrong, but defendant Johnson has not yet made an appearance herein.

3   Subsequent to the filing of defendants' motion for summary judgment, plaintiff moved for

4   entry of default judgment against Johnson, on the ground Johnson had been properly served

5   when the Attorney General's Office signed an acknowledgment of service form with respect

6   to the complaint against Johnson.  The Clerk declined default.  The question whether Johnson

7   has been properly served remains at issue, however.

8    In that regard, counsel for defendants Evans, Adamo, Lee and Armstrong, has written

9   the Court, with copies to plaintiff, stating Johnson has not been properly served because,

10   despite its having signed the acknowledgment of service form for Johnson, the Attorney

11   General's Office is not authorized to represent Johnson.  Specifically, counsel states that the

12   acknowledgment of service form was signed based on the good-faith belief of the Attorney

13   General's Office that Johnson was actively employed by the State of California, that

14   subsequently counsel learned that Johnson has not been actively employed with the State for

15   over a year, and that the State is unaware of Johnson's whereabouts.  Counsel further states

16   that the Attorney General's Office has made a good faith effort to locate Johnson, but has

17   been unable to do so.  (See Docket Nos. 29 & 38.)

18    Based on counsel's representations that the Attorney General's Office has not been

19   authorized to represent Johnson in this matter, the Court finds service of process was not

20   properly effected on Johnson when the Attorney General's Office signed the

21   acknowledgment of service form with respect to the complaint against Johnson.  See Fed. R.

22   Civ. P. 4(e)(2) (providing service on individual may be effected by delivering copy of

23   summons and complaint to "agent authorized by appointment or by law to receive service of

24   process").  Consequently, because plaintiff's complaint has been pending for more than 120

25   days, Johnson is subject to dismissal from this action, absent a showing by plaintiff of "good

26   cause" for his failure to serve Johnson.  See Fed. R. Civ. P. 4(m).

27    The Court finds plaintiff's mistaken belief that Johnson was properly served when the

28   Attorney General's Office signed the acknowledgment of service form constitutes the

9

1  requisite good cause under Rule 4(m) of the Federal Rules of Civil Procedure.  Accordingly,

2  plaintiff will be granted an additional opportunity to properly serve defendant Johnson.

3  Specifically, within thirty days of the date this order is filed, plaintiff shall provide the Court

4  with proof that Johnson has been properly served in accordance with the Federal Rules of

5  Civil Procedure, or otherwise show cause why the complaint should not be dismissed without

6  prejudice as to Johnson pursuant to Rule 4(m).

7                                            **CONCLUSION**

8          For the foregoing reasons, the Court orders as follows:

9          1.  Defendants' motion for summary judgment is hereby DENIED.  (Docket no. 31.)

10          2.  Plaintiff's cross-motion for summary judgment is hereby DENIED without

11  prejudice.  To allow for further discovery, the Court hereby SETS the following briefing

12  schedule with respect to plaintiff's subsequent motion for summary judgment:

13                  a.  No less than **sixty (60)** days and no more than **ninety (90)** days from the

14  date this order is filed, plaintiff shall file and serve on defendants a motion for summary

15  judgment, superseding plaintiff's existing cross-motion for summary judgment, or shall

16  notify the Court that he does not intend to file such motion.

17                  b.  Within **thirty (30)** days of the date plaintiff's motion is filed, defendants

18  shall file an opposition thereto.

19                  c.  Within **twenty (20)** days of the date defendants' opposition is filed, plaintiff

20  shall file a reply.

21          3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

22  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

23  required before the parties may conduct discovery.

24          4.  Within **thirty (30)** days of the date this order is filed, plaintiff shall provide the

25  Court with proof that defendant Johnson has been properly served in accordance with the

26  Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be

27  dismissed without prejudice as to Johnson pursuant to Rule 4(m) of the Federal Rules of

28  Civil Procedure.

United States District Court

For the Northern District of California

5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 31.

IT IS SO ORDERED.

DATED: July 24, 2008

MAXINE M. CHESNEY
United States District Judge