United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMON MICKIANGELO BERRY, III,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL S. EVANS, Warden, et al.,<br><br>    Defendants.<br>_____ | No. C 06-3795 MMC (PR)<br><br>**ORDER GRANTING MOTION TO VOLUNTARILY DISMISS DEFENDANT JOHNSON; DENYING MOTION TO QUASH DISMISSAL; GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 48, 51, 54)** |

On June 16, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by SVSP prison officials in 2005.  On July 24, 2007, the Court denied the motion for summary judgment filed by defendants Michael S. Evans, John Adams, Charles D. Lee, and J. Armstrong.  The Court also denied without prejudice plaintiff's cross-motion for summary judgment, and set a schedule for the filing and briefing of a renewed motion by plaintiff.  Additionally, the Court found that defendant A. Johnson ("Johnson") had not been properly served, and directed plaintiff, within thirty days, to provide the Court with proof that Johnson has been properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice as to Johnson pursuant to Rule

4(m).

On August 25, 2008, plaintiff filed a motion to voluntarily dismiss defendant Johnson without prejudice, on the ground that Johnson could not be located. Thereafter, on September 15, 2008, plaintiff filed a motion to quash his motion to dismiss Johnson, claiming that on September 9, 2008, he had received from defendant Lee responses to interrogatories in which Lee indicates that Johnson is employed at SVSP. Plaintiff thus contends that defendants' counsel was disingenuous when he previously represented to plaintiff and the Court that he could not locate defendant Johnson. Consequently, plaintiff asks the Court to allow him to proceed with his claims against defendant Johnson, and to order defendants to explain how they were unaware of Johnson's whereabouts when asked previously.

In response to plaintiff's motion to quash, defendants assert that plaintiff has misunderstood Lee's responses to plaintiff's interrogatories. Specifically, defendants explain:

> In plaintiff's interrogatory no. 4, he requested the names of all medical employees on duty during the time period at issue. One of those employees, was former defendant Johnson. In plaintiff's fifth inquiry he requested the current whereabouts of those employees. Defendants [sic] listed the employees as currently with the Department of Mental Health at Salinas Valley State Prison. Defendant did so while presuming that plaintiff would know former defendant Johnson would not be included among those employees with the Department of Mental Health due to defendant's prior representations that her [Johnson's] whereabouts are unknown.
>
> For clarification purposes, defendants note that Pulido and Garcia, named in response to interrogatory no. 4, are at the Department of Mental Health at Salinas Valley State Prison and Johnson's whereabouts remain unknown. We apologize for any confusion caused by our prior response and will endeavor to provide as much clarification as possible in any future discovery.
>
> For the foregoing reasons, defendants contend that former defendant Johnson should remain dismissed from this action.

(Def. Resp. Mot. Quash at 2:1-13.)

Defendants have clarified that, contrary to plaintiff's assertions, defendants remain unaware of the whereabouts of defendant Johnson. Accordingly, plaintiff's motion to voluntarily dismiss defendant Johnson from this action without prejudice on the ground that defendant Johnson cannot be located is hereby GRANTED, and plaintiff's motion to quash

2

his motion for such voluntary dismissal is hereby DENIED.

On October 21, 2008, plaintiff filed a motion for an extension of time to December 15, 2008, to file his motion for summary judgment. Such request is based on plaintiff's representation that on October 13, 2008, during plaintiff's deposition, the parties agreed to engage in settlement negotiations. Defendants have filed a response to plaintiff's motion, stating that defendants are in the process of considering a settlement demand made by plaintiff and have no objection to plaintiff's request for such extension of time.

Good cause appearing, plaintiff's motion for an extension of time is hereby GRANTED. No later than December 15, 2008 plaintiff shall file a motion for summary judgment, or shall notify the Court that he does not intend to file such motion. Within thirty (30) days of the date plaintiff's motion is filed, defendants shall file an opposition thereto. Within twenty (20) days of the date defendants' opposition is filed, plaintiff shall file a reply. The motion will be deemed submitted on the date the reply brief is due. No hearing will be held on the motion unless the Court so orders.

This order terminates Docket Nos. 48, 51 and 54.

IT IS SO ORDERED.

DATED: October 30, 2008

_____
MAXINE M. CHESNEY
United States District Judge